## Hunt v. State.

4589                                    226 S. W. 2d 967

Opinion delivered February 20, 1950.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

Griffin Smith, Chief Justice. Haskell Sitton, City Marshall at Clinton, received bodily injuries shortly after midnight April 8, 1948, when Wesley Hunt, from a position in Sitton's yard, fired with a shotgun through Sitton's bedroom window.

The Information charged an assault with intent to kill, and the defendant has appealed from a penitentiary sentence of seven years.

During the day before the shooting Hunt drove his car to a point near the Clinton bus station, where he met Luther McClure. He then met Night Marshal Leslie Jones, to whom complaint was made that he was being "framed" on a bootleg charge. The two walked over

to where Sheriff Casinger and his wife and son had parked their car. Sitton was in the back seat. Some explanations were made to Hunt in an effort to convince him that there was no ground for his charge that "they had framed him," whereupon Hunt used profane language to emphasize his bitterness toward Sitton. The Sheriff testified that Hunt drew a blackjack from his pocket and struck Sitton with it. Casinger then "pistol whipped" Hunt, inflicting a scalp wound. Sitton, who also had a blackjack, handed it to Jones. The Sheriff stepped between Hunt and Sitton as Hunt arose and assumed a threatening attitude, thus preventing further trouble. Hunt admitted the dispute, but claimed he was unarmed, and that the did not know who struck him. Two guns were in his parked automobile.

That night Hunt went to Sittons home with a shotgun. He was accompanied by Luther McClure. Sitton testified that he was awakened by Leslie Jones, who warned him to be quiet, that "Wes Hunt is out here with a shotgun".[1] Sitton, who had gone to the door when Jones [or McClure] called, stepped back to a table and picked up his pistol, having just reached for it when the first shotgun blast came. He was hit in the left hand, wrist, and arm with sixteen pellets. Sitton returned the fire, aiming toward the flashes of two other shots. Sitton's wife and two children were in the house with him.

When arrested at McClure's home about sunup, this conversation [as testified to by State Policeman Buford Chambers] took place:

Chambers, addressing Hunt: "Wes, don't you know you nearly killed Haskell Sitton last night?"

Hunt: "I went up there to do that. I didn't intend to waste one load".

Chambers: "You did a pretty good job".

[1] The testimony mentions Jones and McClure. It is susceptible of the construction that the questioning attorney inadvertently said "Jones" when he meant McClure. This, however, is not of controlling importance, but is mentioned merely in extenuation of a seeming inconsistency. Jones testified that he went to Sitton's house when he saw lights from an approaching car. He was sitting on a fender of Sitton's car when appellant and McClure drove up.

Hunt: "Thank you!"

Appellant's defense was that he was laboring under an irresistible passion following the bus station encounter, but even so, he intended only to fight Sitton as "man to man"—with his fists. Sitton, he said, fired first, and then the shotgun was used in self-defense.

It is not necessary to mention other testimony, a great deal of which corroborates the State's chief contentions. Appellant has not filed a brief, but his very capable counsel, with commendable frankness, did not quibble over the instructions. As a matter of fact, sufficiency and fairness of the instructions were not challenged. Affirmed.